UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CLIFFORD W. MCCULLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:20-CV-472-TAV-HBG |
| ) | |
| ROGER D. WILSON ) | |
| DETENTION FACILITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff, a prisoner of the Knox County Detention Facility, has filed a motion for leave to proceed *in forma pauperis* [Doc. 1] and a pro se complaint for violation of 42 U.S.C. § 1983 alleging that Defendant improperly took away behavior credits he had earned towards his sentences [Doc. 2 p. 3–4]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED** and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

I.  **FILING FEE**

First, it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

Because Plaintiff is an inmate in the Knox County Detention Facility, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust

account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 160, Knoxville, Tennessee 37902, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. §§ 1915(b)(1)(A), (B). Thereafter, the custodian of plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See,*

2

*e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

B.   ANALYSIS

As set forth above, Plaintiff's complaint arises out of his allegation that Defendant wrongfully deducted his earned behavior credits from his sentencing calculations [Doc. 1 p. 3–4]. Specifically, Plaintiff alleges that Defendant took away a number of credits he earned towards his first sentence due to him qualifying as a "habitual disciplinary inmate," then again took away the same credits from his second sentence in a manner that violated the principles of Double Jeopardy [*Id.* at 4].[1] Plaintiff seeks compensatory damages for the time during which he was wrongfully incarcerated and his pain [*Id.* at 5].

However, even if the Court accepts as true Plaintiff's allegation that Defendant wrongfully deducted his earned behavior credits from the calculation of Plaintiff's sentence(s), nothing in Plaintiff's complaint suggests that any of Plaintiff's disciplinary write ups have been invalidated in any way. Accordingly, Plaintiff's claim challenging the duration of his confinement due to the loss of his earned behavior credits is not cognizable under § 1983. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (finding that an inmate's "§ 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that a prisoner cannot use § 1983 to challenge prison procedures

---

[1] Plaintiff sets forth a number of allegations about disciplinary write ups that resulted in losses of his earned behavior credits, but it appears that his only claim for relief under § 1983 arises out of his concern is that the same credits were taken from both his first and second sentences [*Id.*].

4

employed to deprive him of good-time credits when the procedural defect alleged "would, if established, necessarily imply the invalidity of the punishment imposed").[2]

Accordingly, even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983 and this action will be **DISMISSED**.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to furnish a copy of this order to the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

---

[2] In his complaint, Plaintiff does not seek to have Defendant undo the deduction of his sentencing credits so that he can be released earlier, but even if the complaint could be liberally construed to assert such a claim, it would not be cognizable under § 1983. Rather, it must be filed in a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding inmate alleging entitlement to speedier release must pursue such relief through habeas action).

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER**:

                         s/ Thomas A. Varlan
                         UNITED STATES DISTRICT JUDGE